

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GINO V. JACKSON,

    Plaintiff,

v.                                                                                    Civil Action No. **3:08cv91**

**DANIEL M. CHICHESTER,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

The matter is before the Court on the failure of all served Defendants to consent in a timely manner to the removal of the present action. The pertinent statute requires "[a] defendant or defendants desiring to remove any civil action" shall file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Additionally, the notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b). Because removal of civil cases to federal court infringes state sovereignty, "courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 507-08 (E.D. Va. 1992) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir. 1985)). "[T]he failure of all served defendants to join in or consent to a removal petition within the thirty day period 'is sufficient to render removal improper and to require remand.'" *Unicom Sys., Inc. v. Nat'l Louis Univ.*, 262 F. Supp. 2d 638, 641 (E.D. Va. 2003) (*quoting Adams v. Aero Servs. Int'l, Inc.*, 657 F. Supp. 519, 521 (E.D. Va. 1987)).

On or about December 21, 2007, Plaintiff filed the present action against eleven different defendants in the Circuit Court for the County of Lunenburg. On February 5, 2008, Defendants Chichester, Olsen, and Hardiman filed a notice of removal.[1] Subsequently, the Court received a consent to removal from Defendants Strickland and Kane. Defendants Strickland's and Kane's notices of removal were not accompanied by a copy of the process served upon them or any statement as to when they were served with process. On February 14, 2008, the Court received a notice of appearance from counsel for Defendant Ilijevich, but no consent to removal. Because it was unclear whether the action had been properly removed, by Memorandum Order entered on March 20, 2008, the Court directed any Defendant who has appeared in the present action to send a copy of the summons served upon him or her and a statement indicating when he or she was served with process.[2]

In a letter dated March 27, 2008, Defendant Ilijevich acknowledged that no timely consent to removal had been filed on his behalf.[3] Thus, remand is warranted. *See Unicom Sys., Inc.*, 657 F. Supp. 2d at 641. The action will be REMANDED to the Circuit Court for the County of Lunenburg.

An appropriate Order shall issue.

Date: 5-8-08
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

---

[1] Attached to the notice of removal was a copy of the summons and complaint that had been served upon Defendant Olsen. Defendants Chichester, Olsen, and Hardiman represent that they were served on or about January 17, 2008.

[2] Five of the eleven named defendants have not filed an appearance in the present action.

[3] Defendant Strickland submitted a copy of the summons served upon him, but did not indicate when he had been served. Defendant Kane submitted a copy of the summons served upon her and stated that she had been served on January 23, 2008. Defendant Kane also represented that she was withdrawing her consent to removal.

2